```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TIMOTHY M. AAS,                               :
                                              :
                Plaintiff,                    :
                                              :        SUMMARY ORDER
        -against-                             :        08-CV-4488 (DLI)
                                              :
MICHAEL J. ASTRUE,                            :
Commissioner of Social Security,              :
                                              :
                Defendant.                    :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Christopher J. Bowes, counsel to plaintiff Timothy M. Aas ("plaintiff") in the above-captioned action, moves the court to authorize attorney's fees in the amount of $23,013.15 pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, the motion is granted.

**I.     Background[1]**

Plaintiff filed an application for disability insurance benefits under the Social Security Act (the "Act") on June 6, 2005, claiming disability beginning February 28, 2002. (A.R. at 67-73.)[2] Plaintiff's claim was denied because he was found capable of performing light work. (*Id*. at 32-35.) Plaintiff requested an administrative hearing, and on June 13, 2006, appeared before administrative law judge ("ALJ") David Nisnewitz. (*Id*. at 500-65.) On February 8, 2007, the ALJ denied plaintiff's claim. (*Id*. at 18-29.) This determination became the final decision of the Commissioner of Social Security (the "Commissioner") when the Appeals Council denied plaintiff's request for review of the ALJ decision on October 8, 2008. (*Id*. at 3-5.) With the assistance of Mr. Bowes, plaintiff appealed the final decision and also filed a new

---

[1] Familiarity with the facts and background of this matter as set forth in *Aas v. Astrue*, 2010 WL 3924687 (E.D.N.Y. Sept. 29, 2010) is assumed, and, thus, only those facts necessary to the discussion shall be set forth herein.

[2] Page citations are to the administrative record.

application with the Social Security Administration (the "Administration") to protect his claim of entitlement. (*See* Docket Entry No. 34, Declaration of Christopher James Bowes ("Bowes Decl.") ¶ 14.) On September 29, 2010, this court reversed the ALJ's findings and remanded the case for further proceedings. (*See* Docket Entry No. 24.) On November 9, 2010, following an administrative hearing regarding plaintiff's second application, plaintiff was found disabled as of February 9, 2007. (Bowes Decl. ¶ 17.) On January 28, 2011, the court approved and "So Ordered" a written stipulation between Mr. Bowes and defendant that Mr. Bowes was entitled to payment of $7,200.00 in attorney's fees and $350.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket Entry No. 32.)

On February 25, 2011, following remand from this court, ALJ Joseph Faraguna determined plaintiff was disabled as of February 28, 2002 and that plaintiff was eligible for disability benefits based on his June 6, 2005 application. (Bowes Decl. ¶ 20.) On September 6, 2011, the Administration notified plaintiff he was entitled to disability benefits and that the Administration was withholding $30,213.15, or 25%, from his past due benefits for potential attorney's fees. (*See* Exh. B, attached to Bowes Decl.)

## II. Award of Attorney's Fees

An award for attorney's fees under section 406(b)(1) of the Act is proper where: (1) there is a judgment in favor of the claimant; (2) the fee is awarded as part of the court's judgment; and (3) the reasonable fee does not exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant. *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing 42 U.S.C. § 406(b)(1)). Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits and it is the role of the district court to determine the reasonableness of the fee. 42 U.S.C. § 406(b)(1). Where, as here, "there is a contingency fee

2

agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F. 2d 367, 371 (2d Cir. 1990) (citations omitted). Factors courts consider in determining whether a fee request is reasonable include: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian*, 2011 WL 2847439, at *1 (citing *Wells,* 907 F. 2d at 372).

An attorney for a prevailing claimant in a social security action may, as here, also receive fees pursuant to the EAJA, 28 U.S.C. § 2412 (d), but unlike an award under section 406(b) an EAJA award is not deducted from the past-due benefits of a claimant. *Warren v. Astrue*, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011). Rather, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Here, counsel moves for an award of $23,013.15 as compensation for 42.6 hours of work rendered on behalf of plaintiff before this court. The requested award represents the $30,213.15, or 25%, withheld by the Administration for potential attorney's fees minus the previously awarded $7,200.00 EAJA fee. (Bowes Decl. ¶¶ 25, 29.) Included in counsel's motion papers are: 1) the retainer agreement signed by counsel and plaintiff, setting forth a contingent fee payment of 25% of all past-due benefits; 2) the Administration's letter to plaintiff, notifying him it would withhold $30,213.15, or 25%, from his past due benefits for potential attorney's fees;

and 3) itemized records of the hours counsel spent on plaintiff's case. (*See* Exhs. A-C, attached to Bowes Decl.) The Commissioner does not oppose counsel's motion. (*See* Docket Entry No. 37.)

Counsel's $23,013.15 fee request is not unreasonable. The requested fee does not exceed the 25% statutory cap and there is no indication of overreaching or fraud in the retainer agreement between counsel and plaintiff. Moreover, there is nothing to suggest that counsel was ineffective or caused delay. To the contrary, counsel's able representation resulted in the reversal of the adverse decision denying plaintiff's application and a subsequent award of disability benefits dating from February 28, 2002. While $30,213.15, minus the $7,200.00 EAJA setoff, is a large sum for 42.6 hours of work, it does not constitute a windfall when viewed against the excellent results obtained by counsel and the risk of loss associated with contingency fee agreements. *See Warren*, 2011 WL 5402493, at *2 (awarding $25,000.00 minus EAJA setoff for 38 hours of work in light of excellent result obtained by counsel); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (awarding 25% contingency fee of $26,798.25 for 38 hours of work); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 for 42.75 hours of work). Accordingly, counsel's unopposed motion is granted.

### III. Conclusion

For the forgoing reasons the court grants counsel's unopposed motion and authorizes payment of $23,013.15 in attorney's fees pursuant to 42 U.S.C. § 406(b).

SO ORDERED.

DATED:   Brooklyn, New York
         January 23, 2012

_____/s/_____

DORA L. IRIZARRY
United States District Judge

4